RECEIPT NUMBER
53 M03

UNITED STATES DISTRICT COURT
EASTERN DISTRICT MICHIGAN
SOUTHERN DIVISION

12.

| | |
|---|---|
| TERRI BIEGAS, Personal Representative of the Estate of RICHARD BIEGAS,<br><br>Plaintiff,<br><br>v.<br><br>QUICKWAY CARRIERS, INC., and QUICKWAY DISTRIBUTION SERVICES, INC.<br><br>Defendants. | CASE NO.05-524738 NI<br>HON. GERSHWIN A. DRAIN<br><br>JUDGE : Edmunds, Nancy G.<br>DECK  : S. Division Civil Deck<br>DATE  : 09/20/2005 @ 15:55:52<br>CASE NUMBER : 2:05CV73616<br>REM TERRI BIEGAS V QUICKWAY<br>CARRIERS INC ET AL (LG)<br><br>MAGISTRATE JUDGE R. STEVEN WHALEN |
| VEN R. JOHNSON (P39219)<br>Attorney for Plaintiff<br>19390 W. Ten Mile Road<br>Southfield, MI 48075<br>(248) 355-5555 | RONALD C. PARADOSKI (P41426)<br>Attorney for Defendants<br>1001 Woodward, Ste. 1760<br>Detroit, MI 48226<br>(313) 963-1860/Fax: 963-9065 |

## NOTICE OF REMOVAL BASED UPON DIVERSITY OF CITIZENSHIP

**NOW COMES** the Defendants, **QUICKWAY CARRIERS, INC., and QUICKWAY DISTRIBUTION SERVICES, INC.** ("Carriers and Quickway"), by and through their Attorneys, **HUTCHINSON & PARADOSKI, P.C.**, and remove this action from the 3rd Judicial Circuit Court, State of Michigan, to the United States District Court for the Eastern District of Michigan, Southern Division, and in support thereof state:

HUTCHINSON & PARADOSKI, P.C.   1001 WOODWARD, SUITE 1760 □ DETROIT MICHIGAN 48226 □ (313) 963-1860

1.     Plaintiff, Terri Biegas, Personal Representative of the Estate of Richard Biegas ("Plaintiff") filed the Complaint in the Wayne County Circuit Court on or about August 22, 2005.

2.     Plaintiff served a copy of the Summons and Complaint upon Defendants Carrier and Quickway on or about August 25, 2005. A copy of the Summons and Complaint is attached as **Exhibit A** and incorporated by reference.

3.     Plaintiff, at this time and at the time of the filing of the Complaint, claims that the decedent, Richard Biegas, was a resident of the City of Dearborn, County of Wayne, State of Michigan and that she has been appointed Personal Representative of the decendant's estate, which appointment, upon information and belief, occurred in the Wayne County Probate Court, State of Michigan.

4.     Defendants Carrier and Quickway were at the time of the filing of the Complaint and are now Tennessee Corporations.

5.     Based upon the allegations contained in the Complaint, the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.     This Court has original jurisdiction under 28 USC Section 1332 (a)(1) because this is an action between citizens of different states

8.     Carrier and Quickway are incorporated in the State of Tennessee and have their principal place of business in the State of Tennessee.

9.     A copy of this Notice of Removal is being simultaneously filed with the Wayne County Circuit Court, State of Michigan, as required by 28 USC Section 1446(d).

10. Defendant is entitled to remove this action to this Honorable Court under 28 USC Section 1441.

> Respectfully submitted,
>
> **HUTCHINSON & PARADOSKI, P.C.**
>
> By _/s/ Ronald C. Paradoski_
> **Ronald C. Paradoski (P41426)**
> Attorney for Defendant

Dated: September 20, 2005
Ntc of Removal/prr

HUTCHINSON & PARADOSKI, P.C.
1001 WOODWARD, SUITE 1760 □ DETROIT MICHIGAN 48226 □ (313) 963-1860

STATE OF MICHIGAN
THIRD CIRCUIT COURT

| | SUMMONS AND RETURN OF SERVICE | CASE NO. |



**COURT ADDRESS:** 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226

**COURT TELEPHONE NO.** (313) 224-2474

**THIS CASE ASSIGNED TO JUDGE:** GERSHWIN A. DRAIN       Bar Number: 12937

**PLAINTIFF**
EGAS TERRI PER REP       PL 01   VS

**DEFENDANT**
QUICKWAY DISTRIBUTION SERV INC DF 004

**PLAINTIFF'S ATTORNEY**
VERNON R. JOHNSON
(P-39219)
17390 W 10 MILE RD
SOUTHFIELD, MI 48075-2450
248-355-5555

**CASE FILING FEE:** PAID

**JURY FEE:** PAID

**ISSUED:** 08/22/05

**THIS SUMMONS EXPIRES:** 11/21/05

**DEPUTY COUNTY CLERK:** TIMOTHY B GAFFNEY

*This summons is invalid unless served on or before its expiration date.

Cathy M. Garrett – Wayne County Clerk

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
| --- | --- | --- |
| | | |

The action ☐ remains ☐ is no longer pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

_____     _____
Date                                              Signature of attorney/plaintiff

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**
If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangement.

FORM NO WC101
REV. (3-98)   MC 01 (10/97)   **SUMMONS AND RETURN OF SERVICE**   MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206 (A)
**DEFENDANT**

JURY FEE PAID
THIS DATE:

BY:_____

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

TERRI BIEGAS, Personal Representative of
the Estate of RICHARD BIEGAS,

        Plaintiff,

vs.                                                Case No. 05-         -NI
                                                   Hon.

QUICKWAY CARRIERS, INC., and
QUICKWAY DISTRIBUTION SERVICES, INC.,

        Defendants
_____/

VEN R. JOHNSON (P39219)
Attorneys for Plaintiff
Fieger, Fieger, Kenney & Johnson
19390 W. Ten Mile Road
Southfield, MI 48075
(248) 355-5555
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

      There is no other pending civil action arising out of the transaction or occurrence alleged in this Complaint.

_____
VEN R. JOHNSON (P39219)

      NOW COMES Plaintiff Mrs. TERRI BIEGAS, Personal Representative of the Estate of Mr. RICHARD BIEGAS, and through her attorneys, Fieger, Fieger, Kenney & Johnson, P.C., and for her cause of action against the above named Defendants, states as follows:

      1.     At all times relevant to this lawsuit, Plaintiff's decedent, Mr. Richard Biegas ("Mr. Biegas") lived in the City of Dearborn, County of Wayne, State of Michigan.

2. At all times relevant to this lawsuit, Plaintiff Mrs. Terri Biegas ("Mrs. Biegas") was Mr. Biegas' wife and has been appointed Personal Representative of Mr. Biegas' Estate.

3. At all times relevant to this lawsuit, Defendant QUICKWAY CARRIERS, INC., ("CARRIERS") was a foreign corporation from Nashville, Tennessee, duly organized and carrying on functions, including the organization, maintenance, operation, and supervision of a transportation carrier in the food and retail business, and operated part of its business in the County of Wayne, and State of Michigan.

4. At all times relevant to this lawsuit, Defendant QUICKWAY DISTRIBUTION SERVICES, INC., ("QUICKWAY") was a foreign corporation from Nashville, Tennessee, duly organized and carrying on functions, including the organization, maintenance, operation, and supervision of transportation carrier in the food and retail business, and operated part of its business in the County of Wayne, and State of Michigan.

5. The amount in controversy exceeds $25,000.00 exclusive of costs, interest, and attorney fees.

6. On July 13, 2005 at approximately 9:30 p.m., Mr. Biegas, was the operator of a dump truck pulling a flatbed trailer on top of which was a backhoe, travelling on eastbound I-96 in the City of Livonia, County of Wayne, State of Michigan.

7. Unbeknownst to Mr. Biegas, the arm of the backhoe moved during the trip and struck the Wayne Road overpass.

8. Mr. Biegas, was concerned about the safety of other drivers in this emergency situation so he illuminated his emergency flashers and pulled the truck over completely onto the right shoulder of eastbound I-96 to ensure that no one was injured, that the bridge was not damaged and ultimately to determine what happened.

9. Mr. Biegas exited the truck on the driver's side and safely walked to the back of the truck along the shoulder.

10. Mr. Biegas stood behind the rear of the flatbed for approximately one minute and after seeing that no one was hurt and there was apparently no damage to motorists passing under the bridge, Mr. Biegas, walked from behind the flatbed in order to walk along the shoulder of the road on the driver's side of the flatbed when Defendants' driver and truck negligently struck, decapitated, dismembered and killed Mr. Biegas.

## COUNT I

### AUTOMOBILE NEGLIGENCE/GROSS NEGLIGENCE
### CARRIERS and QUICKWAY

10. Plaintiff hereby incorporates by reference all preceding paragraphs of her Complaint as though same were fully set forth herein word for word, and paragraph for paragraph.

11. At all times relevant to this lawsuit, Carriers and/or Quickway's semi-truck was being driven in the ordinary course and scope of the driver's employment with Carriers and/or Quickway as well as with the express and/or implied consent of Carriers and/or Quickway which are thus vicariously liable for the driver's acts of negligence and/or gross

negligence based on the doctrine of Respondeat Superior as well as the Owner's Liability Statute, MCL §257.401.

12. At the time of the accident, Carriers and/or Quickway owed certain duties to the general public, including Mr. Biegas, to operate the semi-truck in a reasonably safe manner in order to avoid causing unnecessary injuries to pedestrians lawfully on the roadway shoulder.

13. Carriers and/or Qucikway breached the above duties in the following ways and were negligent and /or grossly negligent, including but not limited to:

    a. Driving the semi-truck in a reckless manner in violation of MCL §257.626;

    b. Driving the semi-truck in a careless or negligent manner in violation of MCL §257.626(b);

    c. Driving the semi-truck too fast for existing conditions and/or in violation of the posted speed limit in violation of MCL §257.627 and 633;

    d. Failure to keep a proper lookout and negligently operating the semi-truck in violation of MCL §257.627;

    e. Failure to stop the semi-truck in the assured, clear distance ahead in violation of MCL §257.627;

    f. Failure to yield to a pedestrian who had the right of way;

    g. Failure to avoid striking pedestrian's lawfully on the shoulder;

    h. Failure to move over to the left travel lane so as to allow for more space to a disabled vehicle and pedestrians; and,

    i. Other breaches learned through the course of discovery.

14. As a direct and proximate result of the Carriers and/or Quickway's breaches of the above duties, Mr. Biegas suffered severe injuries and ultimately died, and thus his Estate,

via Mrs. Biegas, has and will continue to suffer damages into the future, including, but not limited to:

a. Reasonable and necessary funeral and burial expenses;

b. Reasonable compensation for the pain and suffering undergone by Mr. Biegas while he was conscious during the time between his realization that an impact was going to occur, the impact, and ultimately his death;

c. Loss of financial support;

d. Loss of service;

e. Loss of gifts or other valuable gratuities;

f. Loss of parental training and guidance;

g. Loss of society and companionship; and

h. All other injuries and/or damages learned through the course of discovery and otherwise recoverable under the Michigan Wrongful Death Act.

WHEREFORE, Mrs. Biegas demands judgment against Carriers and/or Quickway, in an amount in excess of $25,000.00, together with costs, interest and attorney fees so wrongfully incurred.

Respectfully submitted,

FIEGER, FIEGER, KENNEY & JOHNSON, P.C.

VEN R. JOHNSON (P39219)
Attorneys for Plaintiffs
19390 West 10 Mile Road
Southfield, MI 48075
(248) 355-5555

Dated: August 22, 2005

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, TERRI BIEGAS, Personal Representatives of the Estate of RICHARD BIEGAS, and through her attorneys, FIEGER, FIEGER, KENNEY & JOHNSON, P.C., and hereby demand a trial by jury in the within cause of action.

Respectfully submitted,

FIEGER, FIEGER, KENNEY & JOHNSON, P.C.

*/s/ Ven R. Johnson*

VEN R. JOHNSON (P39219)
Attorneys for Plaintiffs
19390 West 10 Mile Road
Southfield, MI 48075
(248) 355-5555

Dated:   August 22, 2005

05-73616

# CIVIL COVER SHEET

COUNTY IN WHICH THIS ACTION AROSE: **WAYNE**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

## I. (a) PLAINTIFFS

TERRI BIEGAS, Personal Representative of the Estate of RICHARD BIEGAS,

(b) County of Residence of First Listed: Wayne, MI

(C) Attorney's (Firm Name, Address, and Telephone Number)

VEN R. JOHNSON (P39219)
19390 W. Ten Mile Road, Southfield, MI 48075
(248) 355-5555

## DEFENDANTS

QUICKWAY CARRIERS, INC., and QUICKWAY DISTRIBUTION SERVICES, INC.

NANCY G. EDMUNDS

MAGISTRATE JUDGE R. STEVEN WHALEN

County of Residence of First Listed: Davidson County, TN

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

RONALD C. PARADOSKI (P41426)
1001 Woodward, Ste., 1750, Detroit, MI 48226
(313) 963-1860

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PLA | DEF |  | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21: 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury - Product Liability | | | ☐ 450 Commerce/ICC |
| ☐ 150 Recovery of Overpayment and Enforcement of Judgment | ☐ 320 Assault Libel And Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| | | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced & Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☒ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multi district Litigation
- ☐ 7 Appeal to District Judge from Magistrate

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 USC 1332

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

$ DEMAND

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY (See Instructions):

JUDGE

DOCKET NUMBER

DATE 9/20/05

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

3
5
0

...SUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

   Notes: _____