UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRI BIEGAS,

      Plaintiff,

Case No. 05-73616

v.

Honorable Nancy G. Edmunds

QUICKWAY CARRIERS, INC. and
QUICKWAY DISTRIBUTION SERVICES,

      Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO CERTIFY ORDER
AND FOR STAY OF PROCEEDINGS [65]**

This matter comes before the Court on Plaintiff Terri Biegas's motion, pursuant to 28 U.S.C. § 1292(b), to certify this Court's March 20, 2007 Order (the "Order") granting Defendants' partial motion for summary judgment, which would allow Plaintiff to take an interlocutory appeal to the Sixth Circuit on several issues. Should the Court grant her motion, Plaintiff also seeks a stay of the proceedings in this matter during the pendency of any subsequent appeal. The underlying case involves a fatal automobile accident in which Plaintiff's decedent was hit and killed by a truck driver in Defendants' employ. As part of the Order, this Court held, as a matter of law, that Plaintiff's decedent was more than 50% at fault in his own death. Thus, Plaintiff did not have a viable claim for non-economic damages under Mich. Comp. Laws § 500.3135(2)(b), and Defendant was entitled to summary judgment on this issue. The Court subsequently denied Plaintiff's motion to alter

judgment and for reconsideration of this ruling on April 30, 2007. For the reasons stated below, the Court DENIES Plaintiff's motion to certify its March 20, 2007 Order.[1]

## I. STANDARD OF REVIEW – § 1292(b) INTERLOCUTORY APPEALS

Federal law grants a district court the discretion to permit an interlocutory appeal of certain questions of law. *Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995). District courts may certify such an order under the following conditions:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). Thus, the party seeking an interlocutory appeal of a district court order must meet three elements: "(1) a controlling legal question is involved; (2) there is 'substantial ground for 'difference of opinion' regarding it'; and (3) an immediate appeal would materially advance the litigation's ultimate termination." *In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169, 1172 (6th Cir. 1992) (quoting *Cardwell v. Chesapeake & Ohio Ry.*, 504 F.2d 444, 446 (6th Cir.1974)). Firm final judgments remain the general rule in federal court, however, and interlocutory appeals under § 1292(b) should be reserved for "'exceptional' cases." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996).

## II. ANALYSIS

Plaintiff's motion seeks certification of this Court's March 20, 2007 Order so that she can appeal three issues before the Sixth Circuit: (1) whether the Court's ruling violates

---

[1] The facts of this case are not necessary to resolve the instant motion, but a full recitation is available as part of the Order. (Docket No. 54.)

2

Plaintiff's Seventh Amendment right "to a jury trial on the question of her decedent's comparative negligence with respect to non-economic damages," (2) "whether[, under Michigan law,] Plaintiff is entitled in the first instance to a jury determination of comparative fault on the question of non-economic damages," and (3) "whether Richard Biegas was more than 50% at fault for his death." (Pl.'s Mot. to Certify Order at 5-6.)

### A. Controlling Question of Law

With regards to Plaintiff's assertion that this Court's grant of partial summary judgment to Defendants violated her Seventh Amendment right to a jury trial, the law does not support such a claim. All of the cases that Plaintiff cites in her brief on this issue involved courts who denied a demand for jury trial outright, and not the instant situation where this Court merely limited the issues that Plaintiff will be able to take to the eventual jury trial in this case. Were the Seventh Amendment read as broadly as Plaintiff suggests, the long-recognized procedure of summary judgment would cease to exist in any form, as *all* possible issues that a plaintiff might raise would have to be tried before a jury in order for the Constitution's requirements to be satisfied. This result is incompatible with the Federal Rules of Civil Procedure's requirement that a court must grant summary judgment once the moving party meets Rule 56(c)'s standard.

Next, the portion of the Order granting partial summary judgment to Defendants truly involves a question of fact, and not law, because it required a consideration of the underlying facts of this case. Thus, this issue is inappropriate for an interlocutory appeal under § 1292(b). At a basic level, the Court's partial resolution of the comparative negligence issue represented a question of law rather than fact because that is the only way that the Court was able to grant summary judgment to Defendants without submitting

the entire case to a jury. That said, several federal circuit courts have held that a grant of summary judgment is not a "pure" question of law as contemplated by § 1292(b). *See McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259-60 (11th Cir. 2004) (noting that "[t]he antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case," and declining to consider an interlocutory appeal of a district court's denial of a motion for summary judgment); *Ahrenholz v. Bd. of Trs. of Univ. of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000) ("A denial of summary judgment is a paradigmatic example of an interlocutory order that normally is not appealable [under § 1292(b)]."); *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 631 (2nd Cir. 1991).

"[W]hat the framers of § 1292(b) had in mind is more of an abstract legal issue or what might be called one of 'pure' law, matters the court of appeals 'can decide quickly and cleanly without having to study the record.'" *McFarlin*, 381 F.3d at 1258 (quoting *Ahrenholz*, 219 F.3d at 677). Since any Sixth Circuit review of this Court's grant of partial summary judgment to Defendants on the issue of comparative negligence would necessarily entail a review of the case's factual record before the panel could issue a decision, an interlocutory appeal would not be appropriate under this line of reasoning, which the Court finds is sound.

Therefore, Plaintiff's first and third asserted grounds for an interlocutory appeal under § 1292(b) are not controlling issues of law and do not meet the initial element required for this Court to certify the Order.

**B. Substantial Ground for Difference of Opinion**

Plaintiff's remaining issue presented for interlocutory review fails to meet the second element for a § 1292(b) appeal. As noted on pages 12 and 13 of the Order, Plaintiff has failed to show that apportioning comparative negligence amongst the responsible parties is exclusively a function of the jury under Michigan law. In fact, the cases cited by this Court compel the opposite conclusion. Thus, the Court concludes that there is no substantial ground for difference of opinion on this remaining issue, and it, too, is inappropriate for interlocutory review under § 1292(b).

### C. Material Advancement of the Litigation

Lastly, the Sixth Circuit has held that § 1292(b) "was not intended to authorize interlocutory appeals in ordinary suits for personal injuries or wrongful death that can be tried and disposed of on their merits in a few days." *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir. 1974). To the contrary, certifying an interlocutory appeal in such a relatively straight-forward case could lead to an undesirable "piecemeal" approach whereby the eventual trial could be significantly delayed while awaiting an appellate court decision. *Id.* Thus, Plaintiff's case is not one where permitting interlocutory review would materially advance the litigation's ultimate termination, so Plaintiff's request also fails to meet the third element for allowing a § 1292(b) appeal.

## III. CONCLUSION

Being fully advised in the premises, having read the pleadings, and for the reasons set forth above, the Court hereby orders that Plaintiff's motion to certify the March 20, 2007 Order is DENIED.

SO ORDERED.

                    s/Nancy G. Edmunds  
                    Nancy G. Edmunds  
                    U. S. District Judge

Dated: June 11, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 11, 2007, by electronic and/or ordinary mail.

                    s/Carol A. Hemeyer  
                    Case Manager